In the Matter of the Claim of NORMAN DECKER, Respondent, against FRANK DUNKLER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of disability benefits to claimant for a period between October 7, 1957 to October 23, 1957 less waiting period. Appellants contend that claimant was not eligible for benefits under article 9 of the Workmen's Compensation Law because he had not actually worked for four or more consecutive weeks prior to his disability (Workmen's Compensation Law, § 203). On August 1, 1957 claimant became disabled as the result of an industrial accident. He was out of work from August 1, 1957 to September 25, 1957 and received compensation benefits during that period. On September 25, 1957 claimant resumed work, and on October 7, 1957 he became ill and disabled from a condition called pneumonitis, which was not related to his occupation or to his previous accident, and this disability lasted until October 23, 1957. A review of these dates makes it obvious that claimant was not actually at work for four weeks between the time he resumed work after the end of his compensable disability and the time he was stricken with pneumonitis. The query remains whether he was, to quote the words of the statute "in employment of a covered employer for four or more consecutive weeks". The board found that claimant had worked for the employer since 1948, and that his "employment was not terminated during the period of his on-the-job disability." We think this decision was substantially correct, but in any event it has been held, that under a liberal construction the statute does not require the qualifying four con-

secutive weeks employment to have been immediately before the disability. "The qualification is to be 'in the employment' for that period." (*Matter of Kriete* v. *Todd Shipyards,* 285 App. Div. 36, 38, affd. 308 N. Y. 1027.) Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Herlihy and Reynolds, JJ.